Jeannette G. KOREL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7420.

United States Court of Appeals
Fourth Circuit.

Argued June 3, 1957.

Decided July 1, 1957.

Louis B. Fine, Norfolk, Va. (Jerrold G. Weinberg, Norfolk, Va., on the brief), for appellant.

William F. Davis, Asst. U. S. Atty., Norfolk, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on the brief), for appellee.

Before SOPER, SOBELOFF and HAYNSWORTH, Circuit Judges.

PER CURIAM.

The plaintiff in the Court below brought suit against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. for injuries sustained on June 14, 1955, on the premises of the United States Naval Hospital at Portsmouth, Virginia. On the evening of that date, as in previous years, she and other members of the Ladies Auxiliary of the Jewish War Veterans were conducting a carnival for the entertainment of the patients in the hospital. Arrangements for the affair had been made with the Navy by the Amer-

ican Red Cross and ladies representing that body were also present. About 9:00 p.m., at the end of the party, the plaintiff was in the act of carrying a large china bowl from a table on the lawn to an automobile when the lights were suddenly extinguished and she was so startled that she stepped into a hole or a depression in the ground and was hurt. At the conclusion of the plaintiff's evidence, the defendant made a motion to dismiss, which was granted by the District Judge.

The case turns largely on the liability of the United States, if any, for the sudden extinguishment of the lights. The Judge found the plaintiff's evidence on this point was insufficient since there was not direct testimony as to the identity of the person who turned out the lights or as to his authority to act for the Government on this occasion. Suits under the statute are tried before the District Judge without a jury and his findings must be accepted on appeal unless clearly erroneous; but we are of the opinion, from our examination of the record, that the motion to dismiss should not have been granted at the end of the plaintiff's case. It is true that the direct evidence does not show who gave the order to turn out the lights or who extinguished them, but the case was not devoid of evidence from which inferences unfavorable to the Government might have been drawn in this connection.

There was evidence that all the booths, tables and lights were installed by the Navy before the ladies arrived and that the lights were put out after the carnival came to an end, in obedience to a direction given in a male voice, so as to exhibit an outdoor puppet show put on by a sailor at the hospital for the entertainment of the patients. The plaintiff testified that the entrance to the hospital grounds was guarded by a Navy man who checked the women before they were permitted to enter, that the switch which controlled the outdoor lights was located in one of the buildings, that the lights were usually operat-

ed by Navy personnel, and that the ladies were given no instructions concerning the lights and no authority to operate them. Under these circumstances, we think the order dismissing the case should be vacated and the case remanded for further proceedings so that the Judge may determine upon all of the evidence whether the Government is responsible for the plaintiff's injury.

Vacated and remanded.